# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALEXANDRA JONES-STEWART**　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　**NO. 17-1036-JWD-EWD**

**BAYER HEALTHCARE**
**PHARMACEUTICALS, INC. ET AL.**

## NOTICE AND ORDER

On October 10, 2017, plaintiff Alexandra Jones-Stewart filed a Complaint in this Court against Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG and Bayer Oy (collectively, "Defendants") for personal injuries allegedly sustained as a result of Plaintiff's use of Mirena, an intrauterine contraceptive device.[1] The Complaint, however, fails to allege any basis for this Court to exercise federal subject matter jurisdiction over the case.

To the extent that the Complaint alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), the Complaint fails to adequately allege the citizenship of the parties and fails to allege that the amount in controversy exceeds $75,000. The Complaint contains the following allegations regarding citizenship of the parties:

> 1. Plaintiff Alexandra Jones-Stewart is a citizen and resident of Greenwood (Caddo Parish), Louisiana.
> 2. Defendant Bayer Healthcare Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 100 Bayer Boulevard, Whippany (Morris County), New Jersey 07981. Bayer Healthcare Pharmaceuticals Inc. is a citizen of Delaware and/or New Jersey.
> 3. Defendant Bayer Pharma AG is a company domiciled in Germany and is the parent/holding company of Defendant Bayer Healthcare Pharmaceuticals, Inc. Bayer Pharma AG is a citizen of Germany.

---

[1] R. Doc. 1.

> . . . .
>
> 7. Defendant Bayer Oy is organized and exists under the laws of Finland and is headquartered at Pansiontie 47 20210 Turku, Finland. Bayer Oy is a citizen of Finland.[2]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Citizenship has not been adequately alleged in the Complaint. While the citizenship of Bayer Healthcare Pharmaceuticals, Inc. has been adequately alleged,[3] the citizenship of Alexandra Jones-Stewart, Bayer Pharma AG and Bayer Oy has not been adequately alleged. With respect to Alexandra Jones-Stewart, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to Bayer Pharma AG and Bayer Oy, the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

Further, with respect to amount in controversy, the Complaint alleges that as a result of using Mirena, Plaintiff "has been permanently injured and has incurred or will incur past and future medical expenses, has experienced or will experience past and future pain and suffering, has

---

[2] R. Doc. 1 at ¶¶ 1, 2, 3, 7.
[3] The Fifth Circuit has held that "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

incurred or will incur lost wages, and is subject to an increased risk of future harm."[4] It is not apparent from the face of the Complaint that Plaintiff's claims in this matter are likely to exceed $75,000. Although Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. As such, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met. *See, McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.")

The Complaint contains no additional allegations regarding the Court's jurisdiction under 28 U.S.C. § 1331. Thus, it is not apparent from the face of the Complaint that this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a), diversity jurisdiction, or under 28 U.S.C. § 1331, federal question.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a), diversity jurisdiction, which shall properly allege the citizenship of all parties and allege facts to show that the amount in controversy exceeds $75,000 in this case. The supplemental memorandum shall also specify whether, in addition to or in lieu of diversity jurisdiction, there is federal question jurisdiction. Alternatively, Plaintiff shall file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction. The supplemental memorandum shall be limited to ten (10) pages and shall be filed within ten (10) days of the date

---

[4] R. Doc. 1 at ¶ 178; *See also*, R. Doc. 1 at ¶¶ 194, 209, 231, 257, 290, 302, 316, 353, 397, 434.

of this Notice and Order.

Signed in Baton Rouge, Louisiana, on October 20, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**